# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **RONDA DANNER,** individually and on behalf of other similarly situated people, | : : : | Case No. 2:22-cv-11498 |
| Plaintiff, | : : | Judge Stephen J. Murphy, III |
| **v.** | : : | Magistrate Elizabeth A. Stafford |
| | : | |
| **NEXTGEN LEADS LLC** d/b/a First Quote Health, *et al.* | : : | |
| Defendants. | : | |

## DEFENDANT NEXTGEN LEADS LLC'S MOTION TO SEVER CLAIMS AGAINST LEADING HEALTHCARE SOLUTIONS, INC. - AND - MOTION TO TRANSFER OR DISMISS COMPLAINT IN FAVOR OF FIRST FILED ACTION

Pursuant to Federal Rule of Civil Procedure 21, the first-to-file rule, and Rule 12(b)(6), Defendant NextGen Leads LLC ("NextGen") respectfully moves the Court (i) to sever claims asserted against Defendant Leading Healthcare Solutions, Inc., and (ii) to transfer the claims asserted against NextGen and Drips Holdings, LLC to the United States District Court for the Southern District of California, where Plaintiff's law firm filed a substantially similar class action against NextGen three days prior to the filing of this Complaint. A memorandum in support is attached.

## **E.D. MICH. L.R. 7.1(a) CERTIFICATION**

Counsel for Defendant NextGen Leads held a telephonic conference with counsel for Plaintiff Ronda Danner and explained the nature of the motion and its legal basis and requested, but did not obtain, concurrence in the relief sought.

In addition, counsel for NextGen conferred telephonically with counsel for Drips Holdings, LLC ("Drips") and Leading Healthcare Solutions, Inc. ("LHS") regarding this Motion and the relief sought. Counsel for Drips indicated concurrence with the request to sever but does not concur with the request to transfer this action to the Southern District of California. Counsel for LHS stated that LHS takes no position and does not object to the request to sever.

Respectfully submitted,

*/s/ Christopher C. Wager*
Christopher C. Wager (OH0084324)
Walter C. Blackham (OH0097882)
Mac Murray & Shuster LLP
6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
Tel: (614) 939-9955 | Fax: (614) 939-9954
cwager@mslawgroup.com
cblackham@mslawgroup.com

David W. Warren (P32449)
Joelson Rosenberg, PLC
30665 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334
(248) 855-2233; fax (248) 855-2388
dwarren@jrlawplc.com

*Counsel for Defendant NextGen Leads LLC*

# TABLE OF CONTENTS

MEMORANDUM IN SUPPORT ...........................................................................1

I. INTRODUCTION ...............................................................................1

II. PROCEDURAL AND FACTUAL BACKGROUND .............................2

   A. Similarity of this Suit to Previously Filed Minor Matter. ....................2

   B. Addition of LHS to the First Amended Complaint ..............................4

III. LAW AND ARGUMENT ...................................................................5

   A. Claims Against LHS Should Be Severed from This Action Pursuant to Rule 21. .................................................................................................5

   B. Transfer or Dismissal Is Proper under the First-to-File Rule. ..........10

     1. The Chronology of Events Weighs in Favor of Transfer. .......................11

     2. The Similarity of the Parties Weigh in Favor of Transfer. .....................11

     3. The Similarity of the Issues Weigh in Favor of Transfer. ......................15

     4. NextGen maintains that Transfer Is the Proper Remedy upon Application of the First-to-File Rule. ..................................................................18

IV. CONCLUSION .................................................................................18

# TABLE OF AUTHORITIES

**Cases**

*Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) .. 10, 11, 12, 15

*Byerson v. Equifax Information Services, LLC*, 467 F.Supp.2d 627, 636 (E.D. Va. 2006) .............................................................................................16

*Carrera v. First Am. Home Buyers Prot. Co.*, Case No. CV 11-10242, 2012 WL 13012698, at *5 (C.D. Cal. Jan. 24, 2012) .......................................17

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) .......................................................................10

*Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 690 (E.D. Tenn. 2005) ..........................................................................................16

*In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1364 (Fed. Cir. 2014) .................8

*Kuntz v. First Am. Fin. Corp.*, No. 2:19-CV-11749, 2019 WL 13199600, at \*2 (E.D. Mich. Oct. 8, 2019) ...................................................................................10

*Minor v. NextGen Leads, LLC*, S.D. Cal. Case No. 22-cv-00949 ...........................2

*Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) ...................................5

*Rezac Livestock Comm'n Co., Inc. v. Dinsdale Bros., Inc.*, Case No. 15-CV-04958-DDC-KGS, 2016 WL 4990190, at \*5 (D. Kan. Sept. 19, 2016) .............17

*Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994) ......................................................................................................................8

*Samataro v. Keller Williams Realty, Inc.*, Case No. 20-12185, 2021 WL 228903, at \*3 (E.D. Mich. Jan. 22, 2021) ........................................................... 10, 14, 18

*Schumann v. Amazon.com Inc.*, Case No. 3:20-CV-1751-JR, 2021 WL 5069178, at \*2 (D. Or. July 19, 2021)................................................................................13

*Thompson v. Glob. Mktg. Rsch. Servs., Inc.*, Case No. CV 15-3576, 2016 WL 233702, at \*3 (E.D. Pa. Jan. 20, 2016)....................................................................17

*Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1297 (D. Kan. 2010)..................................................................................17

*XTO Energy*, 679 F. Supp. 2d at 1297 ...................................................................17

*Zepeda v. Ulta Salon, Cosms. & Frangance, Inc.*, Case No. SACV172184DOCJDEX, 2018 WL 6981842, at \*5 (C.D. Cal. June 1, 2018)...13

*Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) ..................................................................................................10

**Secondary Sources**

7 Fed. Prac. & Proc. Civ. §§ 1683, 1685 (3d ed.)....................................................9

## MEMORANDUM IN SUPPORT

## I.    INTRODUCTION

The instant litigation is the second of two nationwide TCPA class-action lawsuits filed against NextGen in the span of three days by the same law firm, Kaufman P.A.  Both suits purport to represent a class of individuals that were called by NextGen in violation of their inclusion on the National Do-Not-Call Registry, and therefore would constitute a duplicative class, while the instant case also includes a class of individuals whose claims arise under an alleged internal do-not-call request violation.

Under the well-recognized first-to-file doctrine, this action should be dismissed or transferred in favor of the duplicative litigation filed in the United States District Court for the Southern District of California, which was filed three-days prior.

Following NextGen's initial request to meet-and-confer regarding its intent to transfer this action pursuant to the first-to-file rule, Plaintiff amended the Complaint to add two new parties to this action.  First, Plaintiff added Drips, which she alleges was NextGen's vendor that placed the calls and texts on NextGen's behalf.  Plaintiff also named LHS, a third party that is alleged to have separately and independently called and texted Plaintiff.  The FAC does not set forth any allegations that would

support an inference that LHS or Drips/NextGen bear any cross-liability for the calls/texts of the other.

Plaintiff's inclusion of the new parties does not prevent application of the first-to-file rule. First, NextGen moves to sever claims asserted against LHS from those asserted against it and Drips pursuant to Rule 21. There is no common nucleus of facts tying Plaintiff's claims arising to separate and distinct alleged violations. Second, as properly severed, the claims against NextGen and Drips maintain substantial overlap with the allegations of the Minor action, and transfer remains proper under the first-to-file rule.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

### A. Similarity of this Suit to Previously Filed Minor Matter.

On June 28, 2022, Kaufman P.A. filed class action TCPA lawsuit against NextGen on behalf of a nationwide class of individuals in *Minor v. NextGen Leads, LLC*, S.D. Cal. Case No. 22-cv-00949 (the "Minor Litigation"). For the Court's convenience, a time-stamped copy of the complaint in the Minor Litigation (the "Minor Complaint") is attached as <u>Exhibit A</u>. The Minor Complaint is brought on behalf of a class defined as:

> <u>Do Not Call Registry Class</u>: All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) texted and/or called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National

> Do Not Call Registry for at least thirty days, (4) for substantially the
> same reason Defendant texted Plaintiff.

(Minor Complaint, ¶ 31.)

Three days later, on July 1, 2022, Kaufman P.A. filed the instant class action
TCPA lawsuit against NextGen. (Compl., ECF No. 1.). Plaintiff subsequently filed
a First Amended Complaint ("FAC," ECF No. 11), which contains a National Do-
Not-Call Registry class that would be subsumed by, or substantially co-terminus
with the Minor Litigation's putative class:

> Since June 28, 2018, Plaintiff and all persons within the United States
> to whose telephone number Defendants placed (or had placed on their
> behalf) two or more telemarketing calls in a 12-month period when the
> telephone number to which the telephone calls were made was on the
> National Do-Not-Call Registry for more than 30 days at the time of the
> calls.

(FAC. ¶ 181.)[1]

The FAC in this matter also includes an additional class of individuals that
received phone calls after requesting not to be called:

> Since June 28, 2018, Plaintiff and all persons within the United States
> whose telephone number Defendants placed (or had placed on their
> behalf) two or more telemarketing calls in a 12-month period, including
> at least one after the person requested that the calls or messages stop.

(*Id.*)[2]

---

[1] Although the Complaint in this matter defines the class with respect to "telephone calls," it
appears that Plaintiff is also alleging actionable text messages alleging actionable text messages
throughout the FAC. (e.g., FAC ¶¶ 2-5, 45, 49, 51, 56-58, 203.)
[2] The FAC contains a third defined class "the Autodial Class", which appears to be asserted
solely against LHS. (*Id.*)

In amending the Complaint, the FAC adds Drips to the extent that Drips is alleged to be NextGen's "third-party agent" (FAC ¶ 2, 46) ("NextGen outsourced the act of executing the unlawful calls and text messages to Drips….").)  The FAC does not otherwise distinguish between calls alleged to be placed by Drips/NextGen, and simply identifies a group of calls and text messages made by "Drips on behalf of NextGen…." (*Id*. ¶¶ 55-56.)

The overlapping nature of the allegations and class definitions in the two actions demonstrate that the parallel litigation is duplicative and that this matter should be dismissed or transferred to the Southern District of California.

**B. Addition of LHS to the First Amended Complaint**.

Apart from the two paragraphs alleging calls that Plaintiff asserts that Drips/NextGen placed (FAC ¶¶ 55-56), the FAC adds a new subsection titled "Calls and Text Messages from LHS" that spans 103 paragraphs detailing separate phone calls and text messages allegedly initiated by LHS (using a unique phone number) and specific interactions that Plaintiff alleges with LHS representatives (*Id*. ¶¶ 63-166).  The FAC's sole reference to NextGen or Drips in relation to these allegations against LHS is the statement that "NextGen sold Ms. Danner's telephone number as a lead to LHS."  (*Id*. ¶ 63.)  Notably, the FAC does not allege that NextGen's alleged sale is anything other than a normal arms'-length transaction that would not extend any liability to NextGen for LHS's subsequent use of the phone number.

Plaintiff's two causes of action under the TCPA simply then lump allegations against "Defendants" without acknowledging the two distinct sets of calls texts that Plaintiff allege were delivered by LHS and NextGen/Drips. (FAC ¶¶ 196-210.) Similarly, the two TCPA class definitions simply identify the class as individuals that received calls from "Defendants," without providing any basis that (i) the individuals that LHS is alleged to have called would be co-terminus with those alleged to have been called by NextGen/Drips, or (ii) that LHS or NextGen/Drips would possess any liability for a putative class member called by the other Defendant(s). Last, Plaintiff asserts a cause of action and defines a class of Florida consumers brought under Florida law, which appears to be only applicable to LHS. (*Id.* ¶¶ 181, 211-218.)

## III. LAW AND ARGUMENT

### A. Claims Against LHS Should Be Severed from This Action Pursuant to Rule 21.

Plaintiff's claims against LHS on one hand, and NextGen/Drips on the other hand, arise from separate and independent alleged statutory violations and severance of the two claims is proper.

Pursuant to Federal Rule of Civil Procedure 21, "[t]he court may … sever any claim against a party." "The permissive language of Rule 21 permits the district court broad discretion in determining whether or not actions should be severed." *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018). The Sixth Circuit has

recognized "a number of factors when determining whether to sever claims, including:

> (1) whether the claims arise out of the same transaction or occurrence;
>
> (2) whether the claims present some common questions of law or fact;
>
> (3) whether settlement of the claims or judicial economy would be facilitated;
>
> (4) whether prejudice would be avoided if severance were granted; and
>
> (5) whether different witnesses and documentary proof are required for separate claims."

*Id*.

The Sixth Circuit's decision in *Parchman* is instructive. In that case, plaintiffs brought claims against several defendants, alleging telephone calls related to student loans delivered without consent and after do-not-call requests violated the TCPA. *Id*. at 732. One defendant sought to sever the claims from those asserted against other defendants on the basis that "calls involved different companies and their respective calling practices." *Id*. The district court agreed, and the Sixth Circuit affirmed, finding that independent calls from separate defendants weigh against all five relevant factors: "There are no common questions of fact; the transactions or occurrences at issue regarding the calls are not the same nor did they originate from the same caller or company; the severed party would not be prejudiced; and if the case proceeded to trial, different witnesses and documentary proof would be required to prove these claims." *Id*. at 733. The same result should obtain here.

First, the claims do not arise from the same transaction or occurrence. The FAC clearly alleges the existence of separate calls and texts from the two groups of defendants, which calls and texts do not overlap. Plaintiff separately pleads alleged violations by LHS (FAC ¶¶ 63-166 ("Calls and Text Messages from LHS")) and NextGen/Drips (FAC ¶¶ 46-62 ("Calls and Text Messages from Defendants NextGen and Drips").) Therefore, the alleged nucleus of facts giving rise to alleged violations are wholly distinct and separate.

Second, separate questions of law and fact are implicated. This includes whether each separate caller (LHS or Drips/NextGen) received a valid do-not-call request; whether the separate calls, policies, and procedures constitute a defense to the claims; the identity of a putative class that each party may have separately called; and so on.

While Plaintiff alleges that NextGen sold her telephone number to LHS,[3] thereby potentially implicating a common issue as to her consent or basis for a do-not-call registry exemption, this singular issue does not otherwise negate the individualized issues related to each party's separate and independent alleged conduct towards Plaintiff and the putative class. This is especially true in the class context, where there is no basis to conclude that the putative classes asserted against

_____

[3] Notably, Plaintiff does not allege, or plead any facts that would allow the Court to reasonably infer, that NextGen or Drips are vicariously liable or bear any liability for separate calls/texts that were allegedly initiated by LHS.

each Defendant would have any meaningful overlap. Indeed, defining two discrete classes involving different defendants placing different calls would undoubtedly create undue complexity and confusion within a single civil matter.

Third, settlement and judicial economy would be facilitated through severance. Given the distinct facts giving rise to Plaintiff's claims against each Defendant (LHS versus NextGen/Drips), the individualized facts related to each's purported conduct and the different composition of putative classes related to each warrant a finding that separate adjudication would facilitate judicial economy and potential resolution.

*Fourth*, severance would prevent prejudice for two discrete reasons. Notably, to the extent that the continued inclusion of LHS would preclude application of the first-to-file rule, such a result would prejudice the interests to NextGen for consolidating significantly overlapping actions. Although NextGen has not located decisions applying the propriety of severance to facilitate application of the first-to-file rule, courts repeatedly make a similar finding when severance removes barriers related to subject matter jurisdiction or venue. *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994) ("Rule 21 … permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under [Rule] 19."); *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1364 (Fed. Cir. 2014) ("Where, as here, it is unclear

whether the entire action could have been brought in the transferee venue, courts may sever defendants for purposes of transfer."); 7 Fed. Prac. & Proc. Civ. §§ 1683, 1685 (3d ed.).

Additionally, allowing Plaintiff to stack two separate and independent alleged violations by LHS and NextGen/Drips prejudices both sets of defendants by allowing a jury or fact finder to conflate the alleged conduct of each independently acting defendant against the other. In addition, without addressing the merits of Plaintiff's claims, the prospect of a more culpable defendant could poison a fact finder as to the less culpable defendant.

Fifth, there would be little overlap of witnesses over documentary proof related to the claims against LHS and NextGen/Drips. Each set of defendants is alleged to have made separate calls to Plaintiff, they maintain separate outbound calling practices and procedures, they maintain separate call records (which, invariably would reflect calls to different putative class members), and they are alleged to have separately engaged with Plaintiff. This significant divergence of evidence overwhelms the small overlap of records related to the sale of Plaintiff's phone number from NextGen to LHS, as alleged in the FAC.

NextGen respectfully requests that, pursuant to Rule 21, that the claims against LHS be severed from those allegations asserted against NextGen and Drips.

## B. Transfer or Dismissal Is Proper under the First-to-File Rule.

The Sixth Circuit recognizes the first-to-file rule as a "well-established doctrine that encourages comity among federal courts of equal rank." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007). "Under the first-to-file rule, when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Kuntz v. First Am. Fin. Corp.*, No. 2:19-CV-11749, 2019 WL 13199600, at *2 (E.D. Mich. Oct. 8, 2019) (quoting *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001)) (cleaned up). The rule "conserves judicial resources by minimizing duplicative or piecemeal litigation and protects the parties and the courts from the possibility of conflicting results." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016)

"Defendants often seek application of the rule when a plaintiff files suit against the defendants in one district court subsequent to a duplicative class action being filed against the defendants in a separate district court." *Samataro v. Keller Williams Realty, Inc.*, Case No. 20-12185, 2021 WL 228903, at *3 (E.D. Mich. Jan. 22, 2021). In applying the first-to-file rule, "courts generally evaluate three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Baatz*, 814 F.3d at 789. While a court

may address equitable factors – such as extraordinary circumstances, inequitable conduct, bad faith, or forum shopping – "deviations from the rule should be the exception, rather than the norm." *Id*. at 792.

### 1. *The Chronology of Events Weighs in Favor of Transfer.*

The first factor is satisfied because the Minor Complaint was filed three days prior to the Complaint in this matter. *Baatz*, 814 F.3d at 790 ("The dates to compare for chronology purposes of the first-to-file rule are when the relevant complaints are filed.").

### 2. *The Similarity of the Parties Weigh in Favor of Transfer.*

The first-to-file rule does not require the parties in each matter to be "perfectly identical, but will applies "when the parties in the two actions substantially overlap." *Baatz*, 814 F.3d at 790. In the context of a class action, the relevant inquiry is to the overlap of the putative classes, not the named class representatives. In *Baatz*, the Sixth Circuit thoughtfully explained the rationale for applying this factor in the class context:

> However, for purposes of identity of the parties when applying the first-to-file rule, courts have looked at whether there is substantial overlap with the putative class even though the class has not yet been certified…. Litigating a class action requires both the parties and the court to expend substantial resources. Perhaps the most important purpose of the first-to-file rule is to conserve these resources by limiting duplicative cases. To serve this purpose, we must evaluate the identity of the parties by looking at overlap with the putative class. Furthermore, if duplicative class actions were allowed to proceed unabated, the class members could be subject to inconsistent rulings.

*Id*. at 790–91.

Here, the Do-Not-Call Registry definitions in each matter significantly overlap and would likely be co-terminus. Each definition includes individuals that received two or more calls and/or text messages from NextGen in the proceeding four years (each class period differing by only three days), and had been on the National Do-Not-Call Registry for 30 or more days. While the proposed class here does not expressly include "text messages," the face of the Complaint makes apparent that Plaintiff is alleging text messages in violation of the TCPA. But in any event, the named Plaintiff here would be included within the Danner Complaint's proposed class. *See Baatz*, 814 F.3d at 791 (reasoning that the second-filed named plaintiffs "undoubtedly would be members of the [first-filed] class if it were certified").

Moreover, Plaintiff's inclusion of an internal do-not-call class here, but omitted from the Minor Complaint, does not preclude application of the first-to-file rule due to the near exact overlap of the do-not-call registry classes between the two actions. For instance, a court rejected the argument that the inclusion of two additional classes in the second filed action would eliminate the substantial overlap of the parties between the two actions:

> Plaintiff also argues that she has a separate wage statement class and a separate standalone late payment class, while the [first-filed] Action does not contain any class definitions involving employees who received double-time wages, or a final late pay class. However, the fact that the [first-filed] Action does not contain a separate wage statement class and a separate standalone late payment class does not preclude a finding that the parties in the two cases are substantially similar.

*Zepeda v. Ulta Salon, Cosms. & Frangance, Inc.*, Case No. SACV172184DOCJDEX, 2018 WL 6981842, at *5 (C.D. Cal. June 1, 2018). *See also Schumann v. Amazon.com Inc.*, Case No. 3:20-CV-1751-JR, 2021 WL 5069178, at *2 (D. Or. July 19, 2021) ("Despite this difference with respect to some putative class members, the classes in this action are similar to the rounding class in the [first-filed] action. The first-to-file rule does not require exact identity of the parties."). Indeed, given the similar nature of the class definitions (individuals receiving calls from NextGen that are listed on the do-not-call registry and those that received calls after making a do-not-call request) will necessarily contain significant overlap in any event.

Plaintiff's attempt to circumvent the first to file rule by adding additional defendants here does not foreclose application of the rule. As recognized in a recently issued decision in this District, "[a]s a starting point to the Court's analysis, the mere fact that the second action includes two additional defendants does not, *per se*, prevent application of the first-to-file rule, as the defendants in the two actions

need not be perfectly identical but, rather, need only 'substantially overlap.'" *Samataro*, 2021 WL 228903, at *5.

As to LHS, as described above, the Court should exercise its equitable discretion to sever those claims. Accordingly, the presence of LHS should be disregarded for purposes of applying the first-to-file rule.

As to Drips, the *Samataro* is illustrative (which notably also involved Plaintiff's counsel of record in this action). There, the party moving under the first to file rule was the only named defendant in the first-filed TCPA action, while two additional parties were named in the second action – two companies that plaintiff argued placed the outbound calls pursuant to the training and direction of the moving defendant. *Samataro*, 2021 WL 228903, at *1 ("Plaintiffs allege that KWRI trained and directed M77 and Troy Market Center agents to cold call consumers."). Identically here, Plaintiff alleges that Drips placed calls on behalf of, and at the direction and control of, NextGen. (FAC at ¶¶ 46-54.)

Addressing these operative facts, the *Samataro* court concluded that the operative question is whether the newly added defendants "have an affiliation (such as a business relationship)" with the defendant named in both suits. *Samataro*, 2021 WL 228903, at *5. The Court concluded that the first-to-file rule was not defeated by adding new parties to the second filed action because of the fact that the moving defendant "transacts business" with and "provides training and direction" to the

newly added defendants. *Id*. Indeed, the alleged agency relationship pled here (e.g., FAC ¶ 48) was further relied upon by the *Samarto* Court to conclude substantial overlap and affiliation: "Moreover, Plaintiffs allege KWRI 'directs, authorizes, and/or ratifies' [the newly added defendants'] unsolicited telemarketing calls at issue. Thus, KWRI allegedly placed the calls at issue through its affiliation with [the newly added defendants]." *Id*. at *6.

Accordingly, the similarity of the parties weighs in favor of dismissing or transferring this action pursuant to the first-to-file rule.

### 3. *The Similarity of the Issues Weigh in Favor of Transfer.*

"Just as with the similarity of the parties factor, the issues need only to substantially overlap in order to apply the first-to-file rule." *Baatz*, 814 F.3d at 791. Here, there is no question that the do-not-call classes significantly overlap, with the only difference being that that class in Minor Litigation can look back an additional three days by virtue of being filed three days prior. While Plaintiff here pleads that the calls were delivered through a specific purported agent of NextGen, the class definition is not so limited, and would encompass all calls made by or on behalf of NextGen (whether or not the alleged calls are pled to have been initiated by Drips).

Therefore, the registry classes in the two matters are likely co-terminus. Indeed, this overlap demonstrates the very similarity that compels application of the first-to-file rule: "For if both actions proceed, the same individuals could receive two

opt-in notices for the same claim but in different courts. That such a confusing result could occur evidences that the collective classes are substantially similar." *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 690 (E.D. Tenn. 2005). *See also Byerson v. Equifax Information Services, LLC*, 467 F.Supp.2d 627, 636 (E.D. Va. 2006) ("It is thus preferable that one court assess the factors that point to factual and legal overlap and sort out the class action issues that will arise in each of the related actions.").

The addition of the internal do-not-call class present in this action but absent from the Minor Litigation does not foreclose application of the rule. A district court in the Sixth Circuit addressed a similar fact pattern:

> Fuller rightly recognizes that he alleges an additional claim not included in the [first-filed] action. However, the issues in the two actions need not be identical; they need only substantially overlap. And the Court finds that, despite this additional claim, the issues in the two actions still substantially overlap. Both of Fuller's claims question whether Abercrombie's compensation policies violate the FLSA. [The first-filed] action, though only alleging one claim under the FLSA, also contests the same issue. Consequently, the existence of an additional claim in the Fuller action does not undermine the appropriateness of applying the first-to-file rule.

*Fuller*, 370 F. Supp. 2d at 690 (internal citations omitted).

Indeed, "[i]t serves no valid judicial interest to maintain two substantially identical claims by two plaintiff classes in separate courts, merely because some additional claims have been added to the second-filed case." *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1297 (D. Kan.

16

2010). *See also Carrera v. First Am. Home Buyers Prot. Co.*, Case No. CV 11-10242, 2012 WL 13012698, at *5 (C.D. Cal. Jan. 24, 2012) ("Thus, even though Plaintiff's FAC asserts some claims that were not asserted in [the first action], the factual and legal issues substantially overlap and thus weigh in favor of applying the first-to-file rule."); *Thompson v. Glob. Mktg. Rsch. Servs., Inc.*, Case No. CV 15-3576, 2016 WL 233702, at *3 (E.D. Pa. Jan. 20, 2016) ("Despite the fact that the class definitions in [two cases] differ, the subject matter of the two cases is substantially the same. Thus, the first-to-file rule applies and weighs in favor of transfer.").

NextGen maintains that the second internal do-not-call class asserted in this action may be transferred due to the significant overlap of the claims in the two actions. However, to the extent that the Court finds that the inclusion of this class destroys the requisite overlap, NextGen alternatively moves that the unquestionably overlapping national do-not-call claim be transferred, and the internal do-not-call claim may be separately adjudicated in this Court. *E.g.*, *Rezac Livestock Comm'n Co., Inc. v. Dinsdale Bros., Inc.*, Case No. 15-CV-04958-DDC-KGS, 2016 WL 4990190, at *5 (D. Kan. Sept. 19, 2016) ("courts may apply the first-to-file rule on a claim-by-claim basis") (*citing XTO Energy*, 679 F. Supp. 2d at 1297). Here, judicial efficiency would be served by consolidating Plaintiff's national do-not-call claim with the substantially overlapping claim filed by her

counsel three days prior in the Southern District of California, even if the internal do-not-call claim remains with this Court.

Therefore, the similarly of claims similarly weighs in favor of application of the first-to-file rule.

### 4. *NextGen maintains that Transfer Is the Proper Remedy upon Application of the First-to-File Rule.*

"Once a court decides to apply the rule, the court may dismiss or transfer the action, or it may exercise its discretion to stay the suit before it, to allow both suits to proceed, or, in some circumstances, to enjoin the parties from proceeding in the other suit." *Samataro*, 2021 WL 228903, at *7 (cleaned up). NextGen respectfully submits that both counts as asserted against it be transferred to the United States District Court for the Southern District of California for consolidation with the first-filed Minor Litigation. To the extent that the Court concludes that the registry class and Count I are the only actions amendable to the first-to-file rule, NextGen respectfully requests that Count I be dismissed without prejudice such that Plaintiff's claim may proceed as a class member in the Minor Litigation.

## IV. CONCLUSION

For these reasons, Defendant NextGen Leads LLC respectfully moves the Court to (i) sever the claims asserted against Defendant Leading Healthcare Services, Inc. pursuant to Rule 21, and (ii) to dismiss or transfer this action to the

United States District Court for the Southern District of California pursuant to the first-to-file rule and/or Rule 12(b)(6).

Respectfully submitted,

/s/ Christopher C. Wager
Christopher C. Wager (OH0084324)
Walter C. Blackham (OH0097882)
Mac Murray & Shuster LLP
6525 West Campus Oval, Suite 210
New Albany, Ohio 43054
Tel: (614) 939-9955 | Fax: (614) 939-9954
cwager@mslawgroup.com
cblackham@mslawgroup.com

David W. Warren (P32449)
Joelson Rosenberg, PLC
30665 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334
(248) 855-2233; fax (248) 855-2388
dwarren@jrlawplc.com

*Counsel for Defendant NextGen Leads LLC*

## CERTIFICATE OF SERVICE

I hereby that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, on this 14th day of November 2022, which will send a notice of electronic filing to all attorneys of record.

/s/ Christopher C. Wager