## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **RONDA DANNER**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**NEXTGEN LEADS LLC d/b/a FIRSTQUOTE HEALTH, DRIPS HOLDINGS, LLC, AND LEADING HEALTHCARE SOLUTIONS, INC.**,<br><br>Defendants. | Case No. 2:22-cv-11498<br><br>Hon. Stephen J. Murphy |

## DEFENDANT LEADING HEALTHCARE SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF RONDA DANNER'S AMENDED COMPLAINT

Defendant Leading Healthcare Solutions, Inc. ("LHS") hereby files its Answer and Affirmative Defenses to Plaintiff Ronda Danner's ("Plaintiff's") Amended Complaint and states:

## INTRODUCTION

1.     This action arises out of Defendants, NextGen Leads LLC d/b/a FirstQuote Health ("NextGen"), Drips Holdings, LLC ("Drips"), and Leading Healthcare Solutions, Inc.'s ("LHS") (collectively, "Defendants"), relentless marketing practices that violate the Telephone Consumer Protection Act, 47 U.S.C.

§ 227, *et seq*. ("TCPA") and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

**ANSWER:** LHS admits that Plaintiff purports to bring this action under the Telephone Consumer Protection Act ("TCPA") and the Florida Telephone Solicitation Act ("FTSA"). LHS denies that Plaintiff has any valid claims against LHS, denies any characterizations of wrongdoing on its part, and denies that Plaintiff is entitled to any of the relief requested. LHS further states that Plaintiff is not subject to the protections of the FTSA because Plaintiff is a resident of the state of Michigan, not Florida, and the Complaint alleges that the calls were made into Michigan; the Complaint does not allege that the calls were made to a number with a Florida area code. *See* ECF No. 11, ¶¶ 10, 12–13, 41. Except as expressly admitted, LHS denies the remaining allegations in this paragraph.

2.     NextGen, via its third-party agent Drips, and LHS make, or have made on their behalf, aggressive telemarketing calls and text messages soliciting their insurance placement services.

**ANSWER:** LHS denies as untrue the allegations in Paragraph 2.

3.     These text messages and calls are made to individuals on the National Do-Not-Call Registry.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

**ANSWER**: LHS denies as untrue the allegations in Paragraph 3.

4.      Defendants continue to make these calls and send text messages even after the called/texted party requests that Defendants STOP.

**ANSWER**: LHS denies as untrue the allegations in Paragraph 4.

5.      The TCPA prohibits making telemarketing calls and text messages to a person who, like Ms. Danner, has previously asked not to receive such calls and texts, and makes sellers like NextGen and LHS liable for calls in violation of the TCPA's internal do-not-call rules.

**ANSWER**: LHS states that the TCPA speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the statute, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the statutes referenced therein.  LHS further denies that it has violated the TCPA and that Plaintiff is entitled to any relief from LHS under the TCPA.

6.      Accordingly, Ms. Danner brings this action on behalf of herself and classes of similarly situated individuals

4870-6566-2271.2

**ANSWER**: LHS admits that Plaintiff purports to bring a class action but denies that Plaintiff and the class she seeks to certify are entitled to any of the relief from LHS requested in the Amended Complaint.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

**ANSWER:** The allegations contained in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies such allegations.

8.      This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because they are so closely related to the federal claims that they form a single case or controversy.

**ANSWER:** The allegations contained in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies such allegations.

9.      This Court has jurisdiction over NextGen because NextGen conducts business transactions in this District and NextGen made calls into this District as part of the business it conducts in this District.

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

10.    This Court has jurisdiction over LHS because LHS conducts business transactions in this District and LHS made calls into this District as part of the business it conducts in this District.

**ANSWER**: The allegations contained in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies such allegations.

11.    This Court has jurisdiction over Drips because Drips conducts business transactions in this District and Drips made calls and sent text messages into this District as part of the business it conducts in this District.

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

12.     Venue is proper in this District because Defendants targeted a resident of this District and called into this District and because some of the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

**ANSWER**: The allegations contained in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies such allegations.

## PARTIES

13.     Plaintiff Ronda Danner ("Ms. Danner") is, and at all times mentioned herein was, a citizen and resident of Westland, Michigan.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

14.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER**: LHS admits that Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

15.     Defendant NextGen is, and at all times mentioned herein was, a Delaware limited liability company headquartered at 701 B Street #1255, San Diego, California 92101.

6

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond. To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

16. Defendant NextGen is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond. To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

17. Defendant LHS is, and at all times mentioned herein was, a Florida corporation with a principal address of 5420 NW 33rd Avenue 7, Fort Lauderdale, Florida 33309.

**ANSWER**: LHS admits the allegations in Paragraph 17.

18. Defendant LHS is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER**: LHS admits it is a "person" as defined by 47 U.S.C. § 153(39).

19.     Defendant Drips is, and at all times mentioned herein was, a Delaware limited liability company with a principal address of 1700 West Market Street #173, Akron, Ohio 44313.

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

20.     Defendant Drips is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

## TCPA BACKGROUND

21.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions

8

through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

**ANSWER:** LHS states that the TCPA and the case cited speak for themselves, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the statute or case, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the statutes or case referenced therein. LHS further denies that it has violated the TCPA and that Plaintiff is entitled to any relief from LHS under the TCPA.

22.    Relevant here, the TCPA establishes a national "do not call" database of numbers not to be called.  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

**ANSWER:** LHS states that the TCPA and the order cited speak for themselves, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the statute or order, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the statutes or order

9

referenced therein. LHS further denies that it has violated the TCPA and that Plaintiff is entitled to any relief from LHS under the TCPA.

23.    These regulations are codified at 47 C.F.R. §§ 64.1200€(1-2).

**ANSWER**: LHS states that the regulations codified at 47 C.F.R. §§ 64.1200(e)(1-2) speak for themselves, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies that it has violated the cited regulations and that Plaintiff is entitled to any relief from LHS under them.

24.    Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

**ANSWER**: LHS states that 47 C.F.R. § 64.1200(c)(2) speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the regulation, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the regulation referenced therein.  LHS further

denies that it has violated the 47 C.F.R. § 64.1200(c)(2) and that Plaintiff is entitled to any relief from LHS thereunder.

25.    A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through § 227(c) of the TCPA.

**ANSWER:** LHS states that 47 C.F.R. § 64.1200(c) speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the regulation, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the regulation referenced therein.  LHS further denies that it has violated the 47 C.F.R. § 64.1200(c) and that Plaintiff is entitled to any relief from LHS thereunder.

26.    The TCPA also specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

**ANSWER:** LHS states that 47 U.S.C. § 227(c)(1) speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the

11

statute, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the statute referenced therein.  LHS further denies that it has violated the 47 U.S.C. § 227(c)(1) and that Plaintiff is entitled to any relief from LHS thereunder.

27.    The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* €(c)(1€), (E) (*sic*).

**ANSWER**:  LHS states that 47 U.S.C. § 227 speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the statute, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the statute referenced therein.  LHS further denies that it has violated the 47 U.S.C. § 227(c) and that Plaintiff is entitled to any relief from LHS thereunder.

28.    Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the*

*Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

**ANSWER:** LHS states that the cited order speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the order, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the order referenced therein. LHS further denies that it has violated the order and that Plaintiff is entitled to any relief from LHS thereunder.

29. The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

**ANSWER:** LHS states that cited order speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the order, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the order referenced therein. LHS further denies that it has violated the order and that Plaintiff is entitled to any relief from LHS thereunder.

13

30.    However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

**ANSWER:** LHS states that cited order speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the order, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the order referenced therein.  LHS further denies that it has violated the order and that Plaintiff is entitled to any relief from LHS thereunder.

31.    These regulations are codified at 47 C.F.R. § 64.1200(d)(1)-(7).

**ANSWER:** LHS states that the regulations codified at 47 C.F.R. § 64.1200(d)(1)-(7) speak for themselves, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies that it has violated the regulations codified at 47 C.F.R. § 64.1200(d)(1)-(7) order and that Plaintiff is entitled to any relief from LHS thereunder.

32.    Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel

engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. § 64.1200(d) (1, 2, 3, 6).

**ANSWER:** LHS states that 47 C.F.R. § 64.1200(d) (1, 2, 3, 6) speak for themselves, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the regulations, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the regulations referenced therein. LHS further denies that it has violated 47 C.F.R. § 64.1200(d) (1, 2, 3, 6) and that Plaintiff is entitled to any relief from LHS thereunder.

33.    These policies and procedures prohibit a company from making calls for telemarketing purposes[2] unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

---

[2] The distinction between the use of "telephone solicitation" in relation to the national do-not-call database and calls for "telemarketing purposes" in relation to the company-specific do-not-call list is significant.  "Telephone solicitation" excludes calls made to a person with whom the company has as established business relationship, 47 CFR 64.1200(f)(14), which can be established by a "voluntary two-way communication". 47 CFR 64.1200(f)(5). But this business relationship can be terminated by a "do not call" request. 47 CFR 64.1200(f)(5)(i). "Telemarketing purposes", on the other hand, includes any calls made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, regardless of any consent or established

**ANSWER:** LHS states that 47 C.F.R. § 64.1200(d) speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the regulation, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the regulation referenced therein.  LHS further denies that it has violated 47 C.F.R. § 64.1200(d) and that Plaintiff is entitled to any relief from LHS thereunder.

34.   Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

**ANSWER:** LHS states that the TCPA speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the statute, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the statutes referenced therein. LHS further denies that it has violated the TCPA and that Plaintiff is entitled to any relief from LHS under the TCPA.

35.     There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> Section 227(c)(5) … empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company.  In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013)

**ANSWER:** LHS states that the TCPA and order cited speak for themselves, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the statute or the order, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the statute or the order referenced therein.  LHS further denies that it has violated the TCPA or the order and that Plaintiff is entitled to any relief from LHS thereunder.

36.     These requirements are separate but cumulative.  In other words, a company must comply with both the procedures for the company specific do-not-call list *and* the procedures for complying with the national "do not call" database

4870-6566-2271.2

regulations.    A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

**ANSWER:** LHS states that the 47 U.S.C. § 227(c) speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the statute or the order, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the statute referenced therein.  LHS further denies that it has violated 47 U.S.C. § 227(c) and that Plaintiff is entitled to any relief from LHS thereunder.

37.    Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones that are used for residential purposes. 47 CFR. § 64.1200(e).

**ANSWER:** LHS states that the 47 CFR. § 64.1200(e) speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the regulation, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the regulation referenced therein.  LHS further

denies that it has violated 47 CFR. § 64.1200(e) and that Plaintiff is entitled to any relief from LHS thereunder.

38.     Further, a person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

**ANSWER:** LHS states that the orders cited speak for themselves, and that the allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the order, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the order referenced therein. LHS further denies that it

has violated the orders and that Plaintiff is entitled to any relief from LHS thereunder.

39.    Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

**ANSWER:** LHS states that the TCPA speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the statute, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the statute referenced therein. LHS further denies that it has violated the TCPA and that Plaintiff is entitled to any relief from LHS under the TCPA.

40.    Finally, text messages, such as the ones sent by Drips on behalf of NextGen, are subject to the TCPA and its implementing regulations. *See* Fed. Commc'ns Comm., Enforcement Advisory No. 2016-06, DA 16-1299, *Robotext Consumer Protection: Text Message Senders Must Comply With the Telephone Consumer Protection Act* (Nov. 18, 2016).

**ANSWER:** LHS states that the order cited speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the order, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the order referenced therein.  LHS further denies that it has violated the orders and that Plaintiff is entitled to any relief from LHS thereunder.

## FACTUAL ALLEGATIONS

41.    Ms. Danner is the user of a cellular telephone number ending in 0800.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

42.    Ms. Danner's cellular telephone number ending in 0800 is used for residential purposes and is not associated with a business.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

43.    Ms. Danner's telephone number ending in 0800 has been on the National Do-Not-Call Registry since April 27, 2017.

**ANSWER**: LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

44.    Ms. Danner personally placed her telephone number ending in 0800 on the National Do-Not-Call Registry.

**ANSWER**: LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

45.    On March 1, 2022, Ms. Danner began receiving telephone calls and text messages from the Defendants soliciting her top purchase health insurance.

**ANSWER**: LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

### *Calls and Text Messages from Defendants NextGen and Drips*

46.    NextGen outsourced the act of executing the unlawful calls and text messages to Drips, a marketing company that employs artificial intelligence in its text message and calling campaigns.

**ANSWER**: This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required,

22

LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

47.     NextGen signed contracts with Drips, expressly authorizing and directing Drips to promote NextGen's goods and services in accordance with specifications largely dictated by NextGen.

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

48.     By signing contracts that made Drips an authorized agent of NextGen – expressly or impliedly – to execute unlawful calls and text messages to Ms. Danner and the class members, NextGen is vicarious liable for violations of the TCPA.

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

49.     NextGen knew that Drips was engaged in marketing practices constituting unlawful text messages and calls in accordance with the specifications and contractual provisions agreed to by NextGen and Drips.

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

50.     NextGen accepted, did not object to, and benefitted from Drips' violations of the TCPA.

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

51.     NextGen directed and controlled the conduct of Drips by, *inter alia*, establishing and enforcing guidelines and specifications of their activities on behalf of NextGen, retaining rights to modify, amend, or withdraw the authority to act on behalf of NextGen in sending the unlawful text messages and making the unlawful calls, compensating Drips for engaging in conduct that violated the TCPA, knowing

that Drips engaged in conduct that violated the TCPA, consciously disregarding the risk Drips was violating the TCPA, and taking steps to avoid such knowledge, instructing Drips, impliedly or expressly, not to disclose information that, if known by NextGen, would establish NextGen's knowledge that Drips was engaged in conduct violating the TCPA, and providing feedback to Drips regarding changes in practices.

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

52.     NextGen allowed Drips access to NextGen's information and systems.

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

53.     NextGen authorized Drips to use NextGen's trade name, trademarks and service marks.

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

54.     NextGen wrote or reviewed Drips telemarketing scripts.

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

55.     Drips on behalf of NextGen made multiple telemarketing calls to Ms. Danner on the following dates: March 1, 2022 (twice), March 2, 2022 (twice), March 3, 2022, March 4, 2022, March 7, 2022, March 21, 2022, March 22, 2022, March 23, 2022 and April 11, 2022. The calls were to promote NextGen's health insurance services.

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to

4870-6566-2271.2

the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

56.     Drips on behalf of NextGen sent multiple telemarketing text messages to Ms. Danner on the following dates: March 1, 2022 (thrice), March 2, 2022 (twice), March 3, 2022 (twice), March 4, 2022, March 8, 2022, March 21, 2022, March 22, 2022, and April 11, 2022. The text messages sought to promote NextGen's health insurance services—e.g., "Hi Jessica, Katie here again. I have your quote for health insurance in MI, and I think you might be surprised! Text me a time to call. Thanks!"

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

57.     These calls and text messages came from caller ID number (469) 922-3483.

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

58.     Ms. Danner did not provide prior express invitation or permission or consent for these telephone calls or text messages.  To the contrary, in response to the unwanted calls and text messages, Ms. Danner repeatedly requested that they stop.

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

59.     NextGen and Drips, did not have written do-not-call policies or procedures at the time of the calls to Ms. Danner and the classes defined below.

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

60.     Alternatively, whatever written policies existed either failed to comply with the minimum requirements under the TCPA, 47 C.F.R. § 64.1200(d), or were never properly implemented—including as evidenced by the continued telephone calls and text messages to Ms. Danner after she directly asked not to be contacted.

28

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

61.     NextGen's and Drips' violations were negligent.

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

62.     Alternatively, NextGen's and Drips' violations were willful and knowing.

**ANSWER:** This paragraph contains allegations directed toward another defendant to which LHS need not respond.  To the extent a response is required, LHS states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.

### *Calls and Text Messages from LHS*

63.     NextGen sold Ms. Danner's telephone number as a lead to LHS.

**ANSWER:** LHS only admits that it was one of several entities who purchased the lead with the consent to contact the telephone number at issue in the Complaint. However, LHS denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

64.     LHS also began calling and texting Ms. Danner's telephone number on March 1, 2022 soliciting her to purchase health insurance.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

65.     For example, on March 1, 2022 at approximately 9:37 AM, Ms. Danner received a telephone call from 734-274-6176.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is

4870-6566-2271.2

entitled to any of the requested relief, and denies that this case can be brought as a class action.

66.     The caller asked for Jessica and stated the call was regarding an insurance quote from First Quote Health.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

67.     Ms. Danner informed the caller that her name was not Jessica and that the caller had the wrong number.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

68.     Ms. Danner also requested to be removed from the calling list.

4870-6566-2271.2

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

69.     Three minutes later, at approximately 9:37 AM, Ms. Danner received another telephone call from 734-274-6176.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

70.     The caller asked for Jessica and stated the call was regarding an insurance quote.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is

entitled to any of the requested relief, and denies that this case can be brought as a class action.

71.    Ms. Danner again informed the caller that her name was not Jessica and that the caller had the wrong number.

**ANSWER**: LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

72.    Ms. Danner again requested to be removed from the calling list.

**ANSWER**: LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

73.    At approximately 2:49pm, Ms. Danner received a call from 734-329-5149.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

74.     Ms. Danner did not answer this call.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

75.     One minute later, at approximately 2:50pm, Ms. Danner received another call from 734-329-5149.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is

entitled to any of the requested relief, and denies that this case can be brought as a class action.

76.    The caller asked for Jessica and stated the call was regarding an insurance quote.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

77.    Ms. Danner again informed the caller that her name was not Jessica and that the caller had the wrong number.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

78.    Ms. Danner again requested to be removed from the calling list.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

79.     At approximately 3:08pm, Ms. Danner received a call from 734-280-6253.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

80.     The caller asked for Jessica and stated the call was regarding an insurance quote.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is

entitled to any of the requested relief, and denies that this case can be brought as a class action.

81.    Ms. Danner again informed the caller that her name was not Jessica and that the caller had the wrong number.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

82.    Ms. Danner again requested to be removed from the calling list.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

83.    At approximately 3:47 pm, Ms. Danner received another call from 734-280-6253.

**<u>ANSWER</u>:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

84.     The caller asked for Jessica and stated the call was regarding an insurance quote.

**<u>ANSWER</u>:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

85.     Ms. Danner again informed the caller that her name was not Jessica and that the caller had the wrong number.

**<u>ANSWER</u>:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is

38

entitled to any of the requested relief, and denies that this case can be brought as a class action.

86.    Ms. Danner again requested to be removed from the calling list.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

87.    At approximately 4:31pm, Ms. Danner received another call from 734-280-6253.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

88.    The caller asked for Jessica and stated the call was regarding an insurance quote.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

89.    Ms. Danner again informed the caller that her name was not Jessica and that the caller had the wrong number.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

90.    Ms. Danner again requested to be removed from the calling list.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is

entitled to any of the requested relief, and denies that this case can be brought as a class action.

91.    At approximately 5:02pm, Ms. Danner received another call from 734-280-6253.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

92.    The caller asked for Jessica and stated the call was regarding an insurance quote.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

93.    Ms. Danner again informed the caller that her name was not Jessica and that the caller had the wrong number.

**ANSWER**: LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

94.     Ms. Danner again requested to be removed from the calling list.

**ANSWER**: LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

95.     Ms. Danner received additional calls from 734-280-6253 at 5:29pm, 5:57pm, and 6:18pm.

**ANSWER**: LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is

entitled to any of the requested relief, and denies that this case can be brought as a class action.

96.   Ms.   Danner   received   additional   calls   from   734-329-5149 at approximately 5:43pm, 5:48pm, 5:56pm, 6:03pm, 6:14pm, and 6:25pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

97.   On March 1, 2022, LHS called Ms. Danner at least 17 times.

**ANSWER:**  LHS denies as untrue the allegations in this paragraph.

98.   LHS placed 16 of these calls after Ms. Danner informed LHS that it had the wrong number and after she requested to be placed on the Do-Not-Call list.

**ANSWER:**  LHS denies as untrue the allegations in this paragraph.

99.   On March 2, 2022 at approximately 9:12am, Ms. Danner received a call from 734-332-2278.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against

LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

100.   The caller asked for Jessica and stated the call was regarding an insurance quote.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

101.   Ms. Danner again informed the caller that her name was not Jessica and that the caller had the wrong number.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

102.   Ms. Danner again requested to be removed from the calling list.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

103.   Despite her request, LHS called Ms. Danner nine more times on March 2, 2022 at approximately 9:35am, 10:04am, 10:33am, 11:35am, 12:04pm, 12:33pm, 2:29pm, 3:59p and 4:33pm.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

104.   On March 3, 2022, LHS called Ms. Danner at least 10 times.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

105.   LHS called Ms. Danner from 734-280-6253 at approximately 10:00am, 12:08pm, 4:07pm, 6:54pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them.  LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

4870-6566-2271.2

106.   LHS called Ms. Danner from 734-332-2253 at approximately 9:52pm, 11:22am, 12:52pm, 2:32pm, 4:03pm, 5:33pm.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

107.   On March 4, 2022, LHS called Ms. Danner at least 7 times.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

108.   LHS called Ms. Danner from 734-280-6253 at approximately 9:49am, 11:48am, 1:14pm, 4:00pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

109.   LHS called Ms. Danner from 734-332-5138 at approximately 10:57am, 1:46pm, and 3:26pm.

46

4870-6566-2271.2

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

110.   On Sunday, March 6, 2022, LHS called Ms. Danner at least two times.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

111.   LHS called Ms. Danner from 734-280-6253 at approximately 10:31am and 12:47pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is

4870-6566-2271.2

entitled to any of the requested relief, and denies that this case can be brought as a class action.

112.   On March 7, 2022, LHS called Ms. Danner at least 5 times.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

113.   LHS called Ms. Danner from 734-280-6253 at approximately 3:40pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

114.   LHS called Ms. Danner from 734-890-5138 at approximately 11:21am, 12:51pm, 2:38pm and 4:39pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore,

LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

115.   On March 8, 2022, LHS called Ms. Danner at least 7 times.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

116.   LHS called Ms. Danner from 734-280-6253 at approximately 12:22pm and 5:11pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

117.   LHS called Ms. Danner from 734-332-2261 at approximately 10:17am,

144pm and 3:45pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

118.   During the call that occurred at 10:17am, Ms. Danner again informed LHS that it was calling the wrong number and she requested to be removed from the calling list.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

119.   LHS called Ms. Danner from 734-205-9034 at approximately 4:33pm and 7:42pm.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

120.   On March 9, 2022, LHS called Ms. Danner at least 5 times.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

121.   LHS called Ms. Danner from 734-332-2276 at approximately 10:11am, 12:12pm, 2:51pm and 452pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

122.   During the call that occurred at 10:11am, Ms. Danner again informed LHS that it was calling the wrong number and she requested to be removed from LHS's calling list.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

123.   LHS called Ms. Danner from 734-205-9034 at approximately 8:29pm.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

124.   On March 10, 2022, LHS called Ms. Danner at least 5 times.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

125.   LHS called Ms. Danner from 734-205-9034 at approximately 9:25am.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

126.   LHS called Ms. Danner from 734-332-2292 at approximately 10:11am, 12:12pm, 2:56pm and 4:56pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

127.   During the call that occurred at 12:12pm, Ms. Danner again informed LHS that it was calling the wrong number and she requested to be removed from the calling list.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is

entitled to any of the requested relief, and denies that this case can be brought as a class action.

128.   On March 11, 2022, LHS called Ms. Danner at least 7 times.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

129.   LHS called Ms. Danner from 734-205-9034 at approximately 9:40am, 12:48pm and 3:52pm.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

130.   LHS called Ms. Danner from 734-280-6253 at approximately 3:53pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

131.   LHS called Ms. Danner from 734-349-3086 at approximately 10:22am, 1:45pm and 3:49pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is

entitled to any of the requested relief, and denies that this case can be brought as a class action.

132.   During the call that occurred at 10:22am, Ms. Danner again informed LHS that it was calling the wrong number and she requested to be removed from the calling list.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

133.   On March 13, 2022, LHS called Ms. Danner at least one time from 734-280-6253 at approximately 1:21pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

134.   On March 14, 2022, LHS called Ms. Danner at least 3 times.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

135.   LHS called Ms. Danner from 734-280-6253 at approximately 12:22pm and 1:45pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

136.   LHS called Ms. Danner from 734-205-9034 at approximately 2:42pm.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

137.   During the call that occurred at 2:42pm, Ms. Danner again informed LHS that it was calling the wrong number and she requested to be removed from the calling list.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

138.   On March 15, 2022, at approximately 1:23pm, LHS sent Ms. Danner the following text message:

4870-6566-2271.2



**ANSWER:** LHS denies as untrue the allegations in this paragraph.

139.   On March 16, 2022, LHS called Ms. Danner at least 3 times.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

140.   LHS called Ms. Danner from 734-767-0681 at approximately 11:31am, 2:11pm and 4:45pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore,

4870-6566-2271.2

LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

141.   During the call that occurred at 11:31am, Ms. Danner again informed LHS that it was calling the wrong number and she requested to be removed from LHS's calling list

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

142.   On March 17, 2022, LHS called Ms. Danner at least 3 times.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is

entitled to any of the requested relief, and denies that this case can be brought as a class action.

143.   LHS called Ms. Danner from 734-767-0681 at approximately 12:07pm and 2:57pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

144.   LHS called Ms. Danner from 734-280-6253 at approximately 1:38pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

145.   On March 18, 2022, LHS called Ms. Danner at least 2 times.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

146.   LHS called Ms. Danner from 734-280-6253 at approximately 1:33pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

147.   LHS called Ms. Danner from 734-332-2278 at approximately 2:08pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is

entitled to any of the requested relief, and denies that this case can be brought as a class action.

148.   During the call that occurred at 2:08pm, Ms. Danner again informed LHS that it was calling the wrong number and she requested to be removed from the calling list.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

149.   On March 23, 2022, LHS called Ms. Danner at least 2 times.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

150.   LHS called Ms. Danner from 734-280-6253 at approximately 4:49pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

151.   LHS called Ms. Danner from 734-332-2198 at approximately 2:32pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

152.   On March 24, 2022, LHS called Ms. Danner at least 2 times.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is

entitled to any of the requested relief, and denies that this case can be brought as a class action.

153.   LHS called Ms. Danner from 734-472-2792 at approximately 11:03am and 2:30pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

154.   During the call that occurred at 11:03am, Ms. Danner again informed LHS that it was calling the wrong number and she requested to be removed from LHS's calling list.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

155.   On March 31, 2022, LHS called Ms. Danner at least one time.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

156.   LHS called Ms. Danner from 734-280-6253 at approximately 6:18pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

157.   On April 5, 2022, LHS called Ms. Danner at least two times.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is

entitled to any of the requested relief, and denies that this case can be brought as a class action.

158.   LHS called Ms. Danner from 734-332-2591 at approximately 12:58pm and 4:56pm.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

159.   During the call that occurred at 4:56pm, Ms. Danner again informed LHS that it was calling the wrong number and she requested to be removed from LHS's calling list.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

160.   These calls made reference to First Quote Health.

**ANSWER:** LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

161.   Ms. Danner did not provide prior express invitation or permission or consent for these telephone calls or text messages. To the contrary, in response to the unwanted calls and texts, Ms. Danner repeatedly requested that LHS cease calling her.

**ANSWER:**  LHS states that it had express written consent to contact the number at issue; LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

162.   LHS or those otherwise making calls on LHS's behalf, did not have written do-not-call policies or procedures at the time of the calls or texts to Ms. Danner and the classes defined below.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

163.   Alternatively, whatever written policies existed either failed to comply with the minimum requirements under the TCPA, 47 C.F.R. § 64.1200(d), or were never properly implemented—including as evidenced by the continued telephone calls to Ms. Danner after she directly asked not to be contacted.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

164.   LHS's violations were negligent.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

165.   Alternatively, LHS's violations were willful and knowing.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

166.   Ms. Danner and the classes were damaged by the violations alleged herein. Their privacy was improperly invaded, the Defendants' calls and texts temporarily seized and trespassed upon the use of their phones, and/or they were forced to divert attention away from other activities to address the unwanted telephone calls. Defendants' telephone calls and text messages were annoying and a nuisance, and wasted the time of Ms. Danner and the class members. *See, e.g., Mims,*

565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

**ANSWER:** This paragraph sets forth legal conclusions to which LHS need not respond.  To the extent a response is required, LHS denies this paragraph.

## DEFENDANT'S LIABILITY

167.   Defendants use automated systems to make outbound telephonic sales calls and send text messages to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not Call Registry.

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

168.   Defendants made two or more telephone solicitations to Ms. Danner, whose number was on the National Do-Not-Call Registry at the time of the telephone calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, LHS denies them. LHS further denies that Plaintiff has any valid claim as against LHS, denies any

characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

169.   Accordingly, for violations of 47 C.F.R. § 64.1200(c), Ms. Danner is entitled to $500 per call through 47 U.S.C. § 227(c).

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

170.   Ms. Danner is entitled to $1,500 per call if Defendants' actions are found to be knowing or willful.

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

171.   Defendants placed two or more telemarketing calls to Ms. Danner, despite not having in place the required policies and procedures prior to making such calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.6200(d).

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

172.   Accordingly, for violations of 47 C.F.R. § 64.1200(d), Ms. Danner is entitled to $500 per call through 47 U.S.C. § 227(c).

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

173.   Ms. Danner is entitled to $1,500 per call if Defendants' actions are found to be knowing or willful.

**ANSWER:** The allegations contained in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies such allegations.  LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

174.   Defendant LHS violated the FTSA.

**ANSWER:** LHS denies as untrue the allegations in this paragraph. LHS further states that Plaintiff is not subject to the protections of the FTSA because Plaintiff is and at all times mentioned was a resident of the state of Michigan, not Florida, and the Complaint alleges that the calls were made into Michigan; the Complaint does not allege that the calls were made to a number with a Florida area code. *See* ECF No. 11, ¶¶ 10, 12–13, 4.

175.   It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or

dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

**ANSWER:** LHS states that the FTSA speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the statute, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the statute referenced therein. LHS further states that Plaintiff is not subject to the protections of the FTSA because Plaintiff is and at all times mentioned was a resident of the state of Michigan, not Florida, and the Complaint alleges that the calls were made into Michigan; the Complaint does not allege that the calls were made to a number with a Florida area code.  *See* ECF No. 11, ¶¶ 10, 12–13, 41.  LHS denies that it has violated the FTSA and that Plaintiff is entitled to any relief from LHS under the FTSA.

176.   A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation

of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

**ANSWER:** LHS states that the FTSA speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the statute, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the statute referenced therein. LHS further states that Plaintiff is not subject to the protections of the FTSA because Plaintiff is and at all times mentioned was a resident of the state of Michigan, not Florida, and the Complaint alleges that the calls were made into Michigan; the Complaint does not allege that the calls were made to a number with a Florida area code.  *See* ECF No. 11, ¶¶ 10, 12–13, 41.  LHS denies that it has violated the FTSA and that Plaintiff is entitled to any relief from LHS under the FTSA.

177.   Defendant LHS failed to secure prior express written consent from Ms. Danner and the Class Members.

**ANSWER:** LHS states that it had express written consent to call the telephone number at issue. LHS lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and, therefore, LHS denies them.

71

178.   In violation of the FTSA, LHS made and/or knowingly allowed telephonic sales calls to be made to Ms. Danner and the Class Members without their prior express written consent.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

179.   LHS made and/or knowingly allowed the telephonic sales calls to Ms. Danner and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

180.   As a result of LHS's conduct, and pursuant to § 501.059(10)(a) off the FTSA, Ms. Danner and the Class Members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

181.   Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of three proposed "Classes," as defined as follows:

**THE TCPA CLASSES**

Since June 28, 2018, Plaintiff and all persons within the United States to whose telephone number Defendants placed (or had placed on their behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the

National Do-Not-Call Registry for more than 30 days at the time of the
calls.

("Registry Class")

Since June 28, 2018, Plaintiff and all persons within the United States
whose telephone number Defendants placed (or had placed on their
behalf) two or more telemarketing calls in a 12-month period, including
at least one after the person requested that the calls or messages stop.

("Policy Class").

## THE FLORIDA CLASSES

Since July 1, 2021, Plaintiff and all persons in the United States who
(1) received a text message from, or on behalf of, LHS, (2) using the
same equipment or type of equipment utilized to call or send a text
message to Plaintiff.

("Autodial Class")

(The TCPA Classes and the Florida Classes are collectively referred to herein
as the "Classes.")

**ANSWER:** LHS admits only that Plaintiff purports to certify the proposed
classes under the TCPA and FTSA.  However, LHS denies that Plaintiff has any
valid claim as against LHS, denies any characterizations of wrongdoing on its part,

denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be certified as a class action.

182.   Excluded from the Classes are Defendants and any entities in which Defendants have a controlling interest; Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.  LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be certified as a class action.

183.   The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

**ANSWER:** LHS denies as untrue the allegation in this paragraph. LHS further denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be certified as a class action.

184.   The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendants and third parties maintain written and electronically stored data showing:

    a.   The time period(s) during which Defendants made their telephone calls and sent their text messages;

    b.   The telephone numbers to which Defendants made telephone calls and sent text messages;

    c.   The telephone numbers for which Defendants had prior express written consent;

    d.   The purposes of such telephone calls and text messages; and

    e.   The names and addresses of Class members.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

185.   The Classes are comprised of hundreds, if not thousands, of individuals.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

186.   There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

    a.   Whether Defendants (or someone acting on their behalf) make telemarketing calls and send telemarketing text messages;

    b.   Whether Defendants (or someone acting on their behalf) obtains prior express written consent;

    c.  Whether Defendants or the entities with which they contract makes solicitation calls and send text messages to telephone numbers registered on the National Do-Not-Call Registry;

    d.  Whether Defendants had the required policies and procedures prior to making telemarketing calls;

    e.  Whether Defendants' statutory violations were willful and knowing; and

    f.  Whether Defendants should be enjoined from engaging in such conduct in the future.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

187.   Plaintiff is a member of the Classes in that Defendants placed two or more calls and text messages for telemarketing purposes, in a one-year period to her telephone number, without her prior express written consent, after she asked Defendants to stop, and while her telephone number was on the National Do-Not-Call Registry.

**ANSWER:** LHS admits only that Plaintiff purports to assert claims on behalf of a putative class, but denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.

4870-6566-2271.2

188.   Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendants' uniform conduct and are based on the same legal theories as these claims.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

189.   Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendants' unwanted calls and suffered a nuisance and an invasion of their privacy.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

190.   Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

191.   Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

192.   Defendants have acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

193.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

194.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

195.    Common questions will predominate, and there will be no unusual manageability issues.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the TCPA 227(c) Class)**
**Plaintiff v. All Defendants**

196.    Plaintiff and the proposed Registry Class incorporate the allegations of paragraphs 1-195 as if fully set forth herein.

**ANSWER:** LHS realleges and incorporates by reference its answers to paragraphs 1-195 as if fully set forth herein.

197.    Defendants made, or had made on their behalf, telephone solicitations to Plaintiff's and putative Registry Class Members' telephone numbers.

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

198.   Plaintiff's and putative Registry Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

199.   Plaintiff and putative Registry Class Members each received two or more such calls in a 12-month period.

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

200.   Plaintiff and putative Registry Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

201.   Plaintiff and putative Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On behalf of Plaintiff and the Policy Class)**
**Plaintiff v. All Defendants**

202.   Plaintiff and the proposed Policy Class incorporate the allegations of paragraphs 1-195 as if fully set forth herein.

**ANSWER:** LHS realleges and incorporates by reference its answers to paragraphs 1-195 as if fully set forth herein.

203.   Defendants made numerous telephone calls and sent numerous text messages for telemarketing purposes to Plaintiff's and putative Policy Class Members' telephone numbers.

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

204.   Defendants did so despite not having a written policy pertaining to "do not call" requests.

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

205.   Defendants did so despite not having such a policy available "upon demand."

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

206.   Defendants did so despite not training their personnel on the existence or use of any internal "do not call" list or policy.

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

207.   Defendants did so despite not recording or honoring "do not call" requests.

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

208.   Defendants made two or more telemarketing calls and/or sent two or more telemarketing text messages to Plaintiff and putative Policy Class Members' telephone numbers in a 12-month period.

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

209.   Plaintiff and putative Policy Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

210.   Plaintiff and putative Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5).

**ANSWER:** To the extent the allegations in this paragraph relate to LHS, LHS denies them as untrue.

## THIRD CAUSE OF ACTION
### Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059
### (On behalf of Plaintiff and the Autodial Class)
### Plaintiff v. Defendant Leading Healthcare Solutions, Inc.

211.   Plaintiff and the proposed Autodial Class incorporate the allegations of paragraph 1-195 as if fully set forth herein.

**ANSWER:** LHS realleges and incorporates by reference its answers to paragraphs 1-210 as if fully set forth herein.

212.   Plaintiff brings this claim individually and on behalf of the Autodial Class Members against Defendant LHS.

**ANSWER:** LHS admits only that Plaintiff purports to assert a claim under the FTSA. However, LHS denies that Plaintiff has any valid claim as against LHS, denies any characterizations of wrongdoing on its part, denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action. LHS further states that Plaintiff is not subject to the protections of the FTSA because Plaintiff is and at all times mentioned was a resident of the state of Michigan, not Florida, and the Complaint alleges that the calls were made into Michigan; the Complaint does not allege that the calls were made to a number with a Florida area code. *See* ECF No. 11, ¶¶ 10, 12–13, 41.

213.   It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a

connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

**ANSWER:** LHS states that the FTSA speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the statute, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the statutes referenced therein. LHS further denies that it has violated the FTSA and that Plaintiff is entitled to any relief from LHS under the FTSA. LHS further states that Plaintiff is not subject to the protections of the FTSA because Plaintiff is and at all times mentioned was a resident of the state of Michigan, not Florida, and the Complaint alleges that the calls were made into Michigan; the Complaint does not allege that the calls were made to a number with a Florida area code. *See* ECF No. 11, ¶¶ 10, 12–13, 41.

214.   A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

**ANSWER:** LHS states that the FTSA speaks for itself, and that the allegations in this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, LHS denies the allegations in this paragraph to the extent they represent an incomplete or selective quotation from the statute, or are otherwise unsupported by and/or inconsistent with, or are Plaintiff's interpretation of the text of the statutes referenced therein. LHS further denies that it has violated the FTSA and that Plaintiff is entitled to any relief from LHS under the FTSA. LHS further states that Plaintiff is not subject to the protections of the FTSA because Plaintiff is and at all times mentioned was a resident of the state of Michigan, not Florida, and the Complaint alleges that the calls were made into Michigan; the Complaint does not allege that the calls were made to a number with a Florida area code.  *See* ECF No. 11, ¶¶ 10, 12–13, 41.

215.   LHS failed to secure prior express written consent from Plaintiff and the Class Members.

**ANSWER:** LHS states that it had prior express written consent to contact the number at issue; LHS denies as untrue the remaining allegations in this paragraph.

216.   In violation of the FTSA, LHS made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

217.  LHS made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

218.  As a result of LHS's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**ANSWER:** LHS denies as untrue the allegations in this paragraph.

WHEREFORE, LHS denies that Plaintiff is entitled to any relief whatsoever. LHS further requests that this Court enter judgment in LHS's favor and against Plaintiff as follows:

   a.  That Plaintiff take nothing by reason of her Complaint and that judgment be rendered in favor of LHS;

   b.  That LHS be awarded its costs and attorneys' fees; and,

   c.  For such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Amended Complaint, LHS asserts and alleges the following Affirmative Defenses.  By alleging the defenses below, LHS does not in any way agree or concede that Plaintiff have properly stated

any cause of action in their Amended Complaint or that LHS has the burden of proof or persuasion with respect to any of its defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members have not incurred any injury-in-fact and, therefore, Plaintiff and/or putative class members lack standing to bring their purported claims and any award would constitute unjust enrichment.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claims are barred, in whole or in part, as LHS substantially complied with the TCPA, the FTSA, and/or any related regulations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claims are barred, in whole or in part, because they failed to mitigate their damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Furthermore, a class action is inappropriate

4870-6566-2271.2

for the reasons stated in Defendant Drips Holdings, LLC's Motion to Strike Class Allegations (ECF No. 29), among other reasons.

## SIXTH AFFIRMATIVE DEFENSE

The Court cannot certify the claims of absent class members residing outside of the State of Michigan because it lacks jurisdiction over the claims of such absent class members.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Amended Complaint seeks statutory penalties of any kind, such claims are punitive and violate LHS's due process rights and/or the prohibition against "excessive fines" of the United States Constitution, Eighth Amendment, and therefore fails to state a claim upon which statutory penalties may be awarded.

## EIGHT AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claims are barred, in whole or in part, by Plaintiff's and/or putative class members' express consent to the conduct at issue.

4870-6566-2271.2

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claims are barred in whole or in part by virtue of Defendant's established business relationship with Plaintiffs and/or members of any putative class members.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' TCPA claims fail to the extent that they abridge LHS's freedom of speech protected under the First Amendment of the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claims are barred, in whole or in part, because any telephone calls at issue were permitted, allowed by, and/or exempt from the TCPA, the FTSA, and/or any related regulations.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, or release, or are otherwise time barred.

4870-6566-2271.2

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred in whole or in part by the terms and conditions and/or limitations or liability contained in any applicable agreements with LHS or its affiliates.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claims are barred in whole or in part because any alleged damages were caused by the acts or omissions of Plaintiff and/or members of the putative class, their agents or employees, intervening and superseding causes or circumstances, or by third parties for which LHS is not responsible.

## FIFTEENTH AFFIRMTIVE DEFENSE

Plaintiff's and/or putative class members' claims under the FTSA are barred because Plaintiff is not subject to the protections of the FTSA since Plaintiff is and at all times mentioned herein was a resident of the state of Michigan, not Florida, and the Complaint alleges that the calls were made into Michigan; the Complaint does not allege that the calls were made to a number with a Florida area code. *See* ECF No. 11, ¶¶ 10, 12–13, 41.

## **SIXTEENTH AFFIRMTIVE DEFENSE**

Plaintiff's and/or putative class members' claims are barred in whole or in part because this Court lacks personal jurisdiction over LHS, a Florida corporation with no minimum contacts with the state of Michigan.

Defendant serves notice that it intends to rely upon and assert all defenses that may become known or available in the course of further investigation, discovery, or litigation in this action, and hereby reserve the right to amend this Answer and these Affirmative Defenses to assert any and all such defenses.

WHEREFORE, LHS denies that Plaintiff is entitled to any relief whatsoever. LHS further requests that this Court enter judgment in LHS's favor and against Plaintiff as follows:

a.   That Plaintiff take nothing by reason of their Amended Complaint and that judgment be rendered in favor of LHS;

b.   That LHS be awarded its costs and attorneys' fees; and,

c.   For such other relief as this Court deems just and proper.

4870-6566-2271.2

Dated: November 18, 2022        Respectfully submitted,

**FOLEY & LARDNER, LLP**

*s/ Irina N. Kashcheyeva*
Irina N. Kashcheyeva (P72575)
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
(313) 234-7100
ikashcheyeva@foley.com

Counsel for Defendant LHS

91

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2022, I submitted the foregoing document to the Court using the Utilities feature of the CM/ECF system, and provided notification of the filing to counsel of record at their email addresses of record.

*/s/ Irina N. Kashcheyeva*

4870-6566-2271.2