UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONDA DANNER,

            Plaintiff,

v.

NEXTGEN LEADS, LLC, et al.,

            Defendants.

                                          /

Case No. 2:22-cv-11498

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
MOTION TO SEVER AND TRANSFER CLAIMS [27]**

Plaintiff Rhonda Danner sued Defendants NexGen Leads, Leading Healthcare Solutions (LHS), and Drips Holdings on behalf of a putative class of plaintiffs for violating the Telephone Consumer Protection Act (TCPA). ECF 11; *see* 47 U.S.C. § 227(c). Plaintiff also brought a Florida Telephone Communications Act claim against Defendant LHS. ECF 11, PgID 65; *see* Fla. Stat. Section 501.059. Plaintiff voluntarily dismissed Defendant Drips Holdings. ECF 35. Defendant NextGen then moved to sever and transfer the claims brought against it to the Southern District of California. ECF 27. For the reasons below, the Court will sever the claims brought against Defendant Nextgen and transfer Plaintiff's claims against Defendant Nextgen to the Southern District of California.[1]

---

[1] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

1

## BACKGROUND

Plaintiff alleged that Defendants NextGen and LHS "use[d] automated systems to make outbound telephonic sales calls and send text messages to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not call Registry." ECF 11, PgID 57. Plaintiff sued on behalf of two putative classes of plaintiffs who were allegedly called or texted in violation of the TCPA. Plaintiff defined the first class as follows:

> Since June 28, 2018, Plaintiff and all persons within the United States to whose telephone number Defendants placed (or had placed on their behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls.

*Id.* at 59. Plaintiff defined the second class as follows:

> Since June 28, 2018, Plaintiff and all persons within the United States whose telephone number Defendants placed (or had placed on their behalf) two or more telemarketing calls in a 12-month period, including at least one after the person requested that the calls or messages stop.

*Id.* at 59–60.

Defendant NextGen argued that the Court should sever the claims brought against it. ECF 27, PgID 109. Defendant NextGen also argued that a nearly identical putative class action lawsuit, *Heather Lee Minor v. NextGen Leads, LLC,* Case No. 22-cv-0949 (S.D. Cal. June 28, 2022) (Minor Case), was filed against it in the Southern District of California and that the Court should apply the first-to-file rule and transfer the case to the Southern District of California. *See* ECF 27-1. The parties briefed the motion. ECF 36; 38; 41.

# DISCUSSION

The Court will first address the motion to sever the claims against Defendant NextGen from the claims against Defendant LHS. ECF 27, PgID 117–21. Then, the Court will address the motion to transfer the claims against Defendant NextGen to the Southern District of California. *Id.* at 122–31.

I. <u>Motion to Sever</u>

The Court will sever the claims brought against Defendant NextGen from the claims brought against Defendant LHS. Under Federal Rule of Civil Procedure 21, "the Court may [] sever any claim against a[ny] party." "The permissive language of Rule 21 permits the district court broad discretion in determining whether or not actions should be severed." *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (cleaned up). Courts must consider five factors before severing claims: whether "(1) the claims arise out of the same transaction or occurrence; (2) the claims present common questions of law or fact; (3) settlement or judicial economy would be facilitated; (4) prejudice would be avoided; and (5) different witnesses and documentary proof are required for separate claims." *Id.* (citation omitted).

The Court will grant the motion to sever because all five factors favor severing the claims against Defendant NextGen. The Court will address each factor in turn.

A. *Same Transaction or Occurrence*

The claims against Defendants NextGen and LHS do not arise from the same transaction or occurrence. Plaintiff argued that "[Defendant] NextGen is vicariously liable for violations of the TCPA" because it "made [Defendant] Drips an authorized

3

agent of [Defendant] NextGen" and Defendant Drips violated the TCPA. ECF 11, PgID 45. In contrast, Plaintiff argued that Defendant LHS is liable under the TCPA because it "call[ed] and text[ed] [her] telephone number." *Id.* at 47. While Plaintiff alleged that "[Defendant] NextGen sold [Plaintiff's] telephone number as a lead to [Defendant] LHS," she did not plead that Plaintiff NextGen is liable, vicariously or otherwise, for the putatively illegal phone calls and texts Defendant LHS made. *Id.* Plus, Plaintiff argued that she received separate phone calls and texts from Defendants LHS and Drips. ECF 11, PgID 47–57. The evidence therefore suggests that the claims against Defendants NextGen and LHS arise from separate transactions or occurrences. Thus, the first factor is satisfied.

   B.   *Common Questions of Law or Fact*

Defendant NextGen argued that there are no common questions of law or fact other than whether Plaintiff was on a Do-Not-Call registry. ECF 27, PgID 119. Plaintiff contended that "Plaintiff's claims against both Defendants ask the same fundamental question: did Defendants make telemarketing calls to Ms. Danner without her prior express consent?" ECF 38, PgID 328. But Plaintiff alleged no common facts or law about the conduct of Defendants or about their liability. *See* ECF 11. Indeed, if Plaintiff proved that Defendant NextGen is liable because Defendant Drips called her without her consent, she would still have to independently prove that

4

Defendant LHS called her without her consent. Factor two thus supports severing the claims against Defendant NextGen.

    C.    *Settlement or Judicial Economy*

Because the claims against Defendant NextGen and Defendant LHS do not arise from the same transaction or occurrence and have no common questions of fact or law, other than whether the plaintiff class was registered on the do-not-call registry, the possibility of settlement is increased by severing the claims. The present case contains two unrelated actions against two unrelated parties. Severing the claims against Defendant NextGen will facilitate settlement by reducing the number of claims and parties. And severing the claims serves judicial economy because the Court will not have to manage two disparate actions in the same lawsuit. Factor three thus favors severing the claims against Defendant NextGen.

    D.    *Prejudice*

The danger of prejudice to Defendant NextGen supports severing the claims brought against it. If the Court declines to sever the claims, Defendant NextGen may have to proceed to trial alongside Defendant LHS. But, as discussed above, the claims against each Defendant are unrelated. There is thus a risk of prejudice against Defendant NextGen if Defendant LHS is found liable for violating the TCPA because a jury may unfairly assume Defendant NextGen also violated the TCPA. Because of the risk of prejudice to Defendant NextGen, factor four supports severing the claims against Defendant NextGen.

### E.     *Overlap of Evidence*

Defendant NextGen argued that "there would be little overlap of witnesses or documentary proof related to the claims against Defendant LHS and Defendant NextGen." ECF 27, PgID 121 (alterations omitted). Defendant NextGen also stated that "[e]ach set of Defendants is alleged to have made separate calls to Plaintiff, they maintain separate outbound calling practices and procedures, they maintain separate call records, and they are alleged to have separately engaged with Plaintiff." *Id.* Plaintiff conceded that "each Defendant['s] outbound calling records would be required to prove the number of times each [D]efendant violated the TCPA." ECF 38, PgID 330. Plaintiff nonetheless argued that "the same witness and documentary proof would relate to both Defendant[s'] claims of consent or an exemption of the do-not-call registry." *Id.*

Plaintiff's argument fails for two reasons. First, Defendant NextGen has not yet filed an answer, and there is no evidence that it will raise claims of consent or an exemption to the do-not-call registry. Plaintiff's claim that witness and documentary proof will overlap is therefore speculative. Second, Plaintiff conceded that the evidence tending to show the Defendants violated the TCPA is separate for each Defendant. *See id.* Because Plaintiff intends to offer different evidence to prove her claims against each Defendant, there is no overlap of evidence. And speculation that each Defendant may raise defenses which relate to common documents does not

6

create an overlap of evidence sufficient to estop severance of the claims. Factor five therefore militates in favor of severing the claims against Defendant NexGen.

In sum, the Court will grant the motion to sever because all five *Parchman* factors support severing the claims against Defendant NextGen.

II.     Motion to Transfer

The Court will grant the motion to transfer. The claims against Defendant NextGen will be sent to the Southern District of California because the first-to-file rule applies and equitable considerations favor applying that rule. Under the first-to-file rule, "when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) (quotation marks and quotation omitted). To determine whether to apply the first-to-file rule, district courts "generally evaluate three factors: (A) the chronology of events; (B) the similarity of the parties involved; and (C) the similarity of the issues or claims at stake." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (citation and alterations omitted). "If these three factors support application of the rule, the court must also determine whether any equitable considerations, such as evidence of inequitable conduct, bad faith, anticipatory suits, or forum shopping, merit not applying the first-to-file rule in a particular case." *Id.* (cleaned up).

The Court will address the three relevant factors—chronology, similarity, of the parties, and similarity of the issues—to determine whether the first-to-file rule is

7

applicable. Then, the Court will address whether equitable considerations counsel against application of the first-to-file rule.

> A. *Chronology of Events*

The putatively similar lawsuit, *Heather Lee Minor v. NextGen Leads, LLC*, Case No. 22-cv-0949 (S.D. Cal. June 28, 2022) (Minor Case), was filed on June 28, 2022. *See* ECF 27-1, PgID 148. The present case was filed July 1, 2022. ECF 1. And Plaintiff does not dispute that the Southern District of California lawsuit was first in time. *See* ECF 38. Thus, the first factor favors transfer.

> B. *Similarity of Parties*

Defendant argued that the "definitions [of the plaintiff class] in each matter significantly overlap and would likely be co-terminus." ECF 27, PgID 124. Plaintiff argued that the putative classes in the present case and the Minor Case "are not identical." ECF 38, PgID 334 (emphasis omitted). But "[t]he first-to-file rule applies when the parties in the two actions substantially overlap, even if they are not perfectly identical." *Baatz*, 814 F.3d at 790 (cleaned up). For class actions, "courts have looked at whether there is substantial overlap with the putative class even though the class has not yet been certified." *Id.*

There is substantial overlap between the putative class here and the putative class in the Minor Case. Here, the classes are defined as "all persons within the United States" with whom Defendants communicated in violation of the TCPA "[s]ince June 28, 2018." ECF 11, PgID 59–60. In the Minor Case, the class is defined as "[a]ll persons in the United States who from four years prior to the filing of this

8

action" received communications from Defendants in violation of the TCPA. ECF 27-1, PgID 142–43. Because the Minor Case was filed on June 28, 2022, the time period of the two classes matches exactly. What is more, the putative class in the Minor Case is defined as individuals "texted and/or called more than one time . . . within any [twelve] month period." ECF 11, PgID 59–60. And the putative class here is defined as those who received "two or more telemarketing calls in a [twelve] month period." ECF 27-1, PgID 142–43. Thus, because more than one is the same number as two or more, and the relevant twelve-month period is identical, the classes are identical in those respects.

The sole difference between the class in the present case and the class in the Minor Case is that one of the classes in the present case includes the detail that the putative class members must have received a call after "request[ing] that the calls or messages stop." ECF 11, PgID 60. That small distinction aside, the putative classes are identical. And because the classes in each case need only have substantial overlap, the second factor cuts in favor of transfer. *See Baatz*, 814 F.3d at 790 (citation omitted).

    C.    *Similarity of Issues*

Defendant argued that the issues in the present case and the Minor Case are similar. ECF 27, PgID 127. Plaintiff maintained that "the actions are clearly different. Here, [Plaintiff] has brought three causes of action, including Florida [S]tate law claims." ECF 38, PgID 335. Plaintiff sued Defendants for violating 47

9

C.F.R. § 64.1200(c) and (d) and Florida State law.[2] *Id.* at 334. In the Minor Case, the plaintiff sued based on a violation of 47 C.F.R. § 64.1200(c). ECF 27-1, PgID 148. And Plaintiff admitted that one of the claims in the present suit is identical to the claim in the Minor Case. ECF 38, PgID 334. Thus, the present litigation includes only one added claim: a § 64.1200(d) claim. But "[j]ust as with the similarity-of-the-parties factor, the issues need only to substantially overlap in order to apply the first-to-file rule." *Baatz*, 814 F.3d at 791 (alterations omitted). Because the present litigation and the Minor Case have identical claims, the non-identical claim arises from the same section of the same statute, and there is substantial overlap between the issues presented in each case, the third factor favors applying the first-to-file rule.

D.  *Equitable Considerations*

Last, equitable considerations do not preclude the Court from applying the first-to-file rule. "[T]he first-to-file rule is not a mandate directing wooden application of the rule without regard to extraordinary circumstances, inequitable conduct, bad faith, or forum shopping. However, deviations from the rule should be the exception, rather than the norm." *Baatz*, 814 F.3d at 792 (cleaned up).

Plaintiff argued that two extraordinary circumstances prevent the Court from transferring her case against Defendant NextGen to the Southern District of California. First, Plaintiff argued that her case should not be transferred because there is a pending motion in the Minor Case. ECF 38, PgID 335. Second, Plaintiff

---

[2] As explained above, the Court will sever the Florida State-law claims.

10

argued that transfer of her case would "require[] [her] to litigate portions of the same claim twice." *Id.*

But Plaintiff provided no case law to support her claim that a pending motion in the first-filed case constitutes an extraordinary circumstance that would preclude the Court from applying the first-to-file rule. And because a pending motion does not create an extraordinary circumstance, the first argument Plaintiff presented fails. Her second argument also fails because, as the Court found above, the claims against Defendants NextGen and LHS are not the same. Thus, transfer of the claims against Defendant NextGen would not require Plaintiff to litigate the same claims or facts against NextGen in California and against LHS here. In sum, equitable considerations do not preclude the Court from applying the first-to-file rule, and the Court will transfer the claims against Defendant NextGen to the Southern District of California.

Because Plaintiff voluntarily dismissed Defendant Drips Holdings, ECF 35, and the Court will dismiss Defendant NextGen Leads, the only remaining defendant is Defendant LHS. Plaintiff has three remaining claims against Defendant LHS: (1) a claim under 47 C.F.R. § 64.1200(c); (2) a claim under 47 C.F.R. § 64.1200(d); (3) a claim under Fla. Stat. Section 501.059. The Court will resolve Defendant LHS's motion to strike class allegations in a later order.

**WHEREFORE**, it is hereby **ORDERED** that the claims against Defendant NextGen Leads LLC are **SEVERED** and the Clerk of the Court must **TRANSFER**

the claims against Defendant NextGen Leads LLC to the United States District Court for the Southern District of California.

**IT IS FURTHER ORDERED** that because all claims against Defendant NextGen Leads LLC have been severed and transferred, Defendant NextGen Leads LLC is **DISMISSED** from this case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 15, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 15, 2023, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager